UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:16-cv-01240-JHE |
| ) | |
| ITF, LLC. d/b/a IRON TRIBE FITNESS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**[1]

Plaintiff Michael Collins ("Collins"), and Defendant ITF LLC., d/b/a/ Iron Tribe Fitness ("Defendant") jointly move for approval of their settlement agreement. (Doc. 11). The parties seek approval of the terms of their settlement agreement on Collins' claim for unpaid overtime pay as well as approval of attorney's fees and costs to be paid to Collins' counsel under the settlement. (*Id.* at ¶ 3). For the reasons set forth below, the Court approves the parties' settlement.

**I. Background Facts**

Collins filed this action on July 29, 2016. (Doc. 1). He alleges a claim for overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*  In lieu of Defendant filing an answer, the parties exchanged initial disclosures and informal discovery, discussed payroll and personnel records, and reached a settlement on October 17, 2016, the terms of which are contained

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 8).

1

in the Joint Motion, filed under seal, to Approve FLSA Settlement ("the Agreement"). (*See* Doc. 11). The undersigned has reviewed the Agreement.

Under the Agreement, Defendants have agreed to pay Collins a specified amount to settle his claim for unpaid overtime and attorney's fees and costs to Collins' counsel. The parties stipulate and agree the terms set forth in the Agreement constitute a fair and reasonable resolution of a *bona fide* dispute regarding whether Collins is entitled to any further compensation. (*See* Doc. 11, ¶¶ 5, 9).

## II. Analysis

Subject to specific exceptions, the FLSA provides that employees are entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009).

Judicial review and approval of an FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the court should consider the following factors:

> 1. the existence of fraud or collusions behind the settlement;
> 2. the complexity, expense, and likely duration of litigation;
> 3. the stage of the proceeding and the amount of discovery completed;
> 4. the probability of success on the merits;
> 5. the range of possible recovery; and
> 6. the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In reviewing the terms of a proposed settlement, there is a strong presumption in favor of finding it is fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Here, there is no indication of fraud or collusion. All parties were represented by experienced counsel, and the payments take into account the likelihood of success and the amount Collins might recover if he prevailed on his claim. (Doc. 11, ¶¶ 12(a)-(d)). The complexity, expense, and expected duration of continued litigation also militate in favor of this settlement. The parties continue to disagree over the merits of Collins' claim and the amount of compensation owed to him. (*Id.* ¶ 1). Indeed, the Agreement provides the Defendant "denies all allegations, and defended the same, both on a factual and legal basis." (*Id.*). Both parties have acknowledged to the Court the settlement is to avoid the expense of contested legal proceedings. (*Id.* ¶ 4). The outcome of contested litigation is uncertain and if this matter were to be litigated to an award by jury, all parties would be required to engage in costly litigation. Accordingly, this settlement is a reasonable means for all parties to minimize future risks and litigation costs, and the confidential payments to Collins to settle his claims are fair, reasonable, and adequate.

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down prior to the close of business that day, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Based on counsel's representations, there has been sufficient investigation and exchange of information and documents to enable counsel to reasonably and adequately assess the claims and defenses at issue. (*Id.* ¶ 2, 12). Specifically, the Defendant produced records, including payroll summaries and job descriptions. (*Id.* ¶ 2, 12(a)). The parties have also discussed payroll and personnel data, including, but not limited to, payroll and time records, various meeting notes, and business records. (*Id.* ¶ 2). The parties represent they have had "a full opportunity to discuss the payroll, personnel, and other data relating to the Plaintiff, his job responsibilities, the hours he claimed to have worked and the compensation he received." (*Id.*). Before agreeing to the proposed settlement, the parties had sufficient information to enable them to make an informed analysis and assessment of the case. For example, the motion to approve the settlement details the specific calculations used in arriving at the confidential settlement amount which included the hours Collins claimed to have worked and his hourly rate. (Doc. 11, ¶ 12(b)). It also sets forth contested issues of law and fact that influenced the settlement amount. (*Id.* ¶ 12(c)-(d)). Settlement negotiations balanced the best possible recovery for Collins against the realities of him trying to prove that recovery in a court of law. (Doc. 22, ¶ 12(a)-(d)). In doing so, counsel reached a compromise the court finds is fair, reasonable, and adequate. Moreover, in light of the costs of further litigation and the uncertainty and timing of any recovery, the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

The undersigned has also reviewed the proposed payment of attorney's fees and costs and agrees it should be approved because it is reasonable. *See Silva*, 307 F. App'x at 351 ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."). Counsel has informed the court the attorney's fee in

4

this settlement is "far less than a reasonable hourly rate for an attorney with over forty years of employment experience if this matter were to continue to trial." (Doc. 11, ¶ 12(e)). Based on the information provided in the Joint Motion to Approve Settlement, Collins's claims were not compromised by any deduction of attorney's fees, costs, or expenses. "Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). Because counsel, with a combined experience of over sixty (60) years in employment matters, represent the attorney's fee here is "far less" than a reasonable hourly rate, and given the Agreement indicates that payment to Collins fully compensates him for his contested pay claims, the court concludes Plaintiff's recovery was not affected by the amount of the attorneys' fee.  The court has considered the amount of the fee and finds it to be reasonable.

### III. Conclusion

Having reviewed the guidelines set forth by the Eleventh Circuit for approval of an FLSA settlement, and scrutinizing the settlement, the court finds that: the Settlement Agreement is fair; it reflects reasonable compromises of issues actually in dispute; the settlement was reached in an adversarial context in which the Plaintiff was represented by competent and experienced counsel; and the totality of the proposed settlement is fair and reasonable, all as required by *Lynn's Food.* 679 F.2d at 1354.  The court has also considered the amount of the attorney's fee and finds it to be reasonable.

Therefore, the Joint Motion, filed under seal, to Approve FLSA Settlement is **GRANTED**, and the settlement is **APPROVED.**

DONE this 28th day of November, 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE